UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEAL, | No. 2:13-cv-2611-KJM-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| U.S. D.O.E.; D.O.D.; OBAMA; JAMES BUTNER; ROBERT BUTNER; MICHAEL BUTNER, | |
| Defendants. | |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

2

1  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
2  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of
3  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
4  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

5        The court finds that plaintiff's complaint is frivolous.  Plaintiff alleges that when he was
6  15 years old, he met the Butners family, who work for the Pentagon or the Department of
7  Defense.  He claims that the Butner family conducted Behavior Modification Experiments on
8  plaintiff against his will.  ECF No. 1 at 1.  He further alleges that because of the experiments
9  conducted on him, "[t]he Burners and Bodilys and [plaintiff] could hear each others [sic] thoughts
10 from remote locations."  *Id*. at 2.  He claims that experiments have been conducted on him for the
11 past 27 years and have turned him against his family, who now believe that plaintiff is crazy and
12 dangerous.  *Id*.  He further claims that he was seeing a doctor because of the voices he was
13 hearing, and that he discovered that defendants "were transmitting signals to [his] brain using
14 Extremely Low Frequency Electromagnetic Radiation using satellites."  *Id*.  Plaintiff contends
15 that the Butner family has been assaulting him for more than 20 years by "using these satellites."
16 *Id*.  Plaintiff alleges that in 1997, due to defendants' alleged conduct, he planned, but did not
17 carry out, a shooting rampage, which he describes as "[e]xactly like Sandy Hook Elementary and
18 all the other school shootings since 1999 Columbine School Shooting Rampage."  *Id*.

19       Plaintiff claims that defendants, including President Obama and his staff, have ignored his
20 complaints of terrorism and mind control experiments.  He therefore contends that defendants
21 have subjected him to cruel and unusual punishments and violated his right to privacy.  *Id*. at 3.
22 He seeks damages in excess of $100 million and also an order enjoining defendants from
23 conducting further mind control experiments.  *Id*.

24       Plaintiff's allegations are implausible and can only be described as delusional.
25 Accordingly, the court finds that plaintiff's allegations have no basis in fact and that the instant
26 complaint is frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (observing that a
27 court has the "power to pierce the veil of the complaint's factual allegations and dismiss those
28 claims whose factual contentions are clearly baseless," which includes "claims describing

1 fantastic or delusional scenarios."). Therefore, plaintiff complaint must be dismissed with
2 prejudice. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily
3 would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears
4 amendment would be futile).

5 Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*
6 *pauperis*, ECF No. 2, is granted.

7 Further, it is hereby RECOMMENDED that:

8 1. Plaintiff's complaint be dismissed without leave to amend; and

9 3. The Clerk be directed to close this case.

10 These findings and recommendations are submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12 after being served with these findings and recommendations, any party may file written
13 objections with the court and serve a copy on all parties.  Such a document should be captioned
14 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
15 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
16 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
17 DATED: June 30, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE